STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
ERNEST PICCIOTTI, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 14, 1989—Decided March 1, 1989.

Before Judges PRESSLER, SCALERA and STERN.

*Alfred A. Slocum,* Public Defender, attorney for appellant (*Alan I. Smith,* Designated Counsel, on the brief).

*Donald R. Belsole,* Acting Attorney General, attorney for respondent (*Jessica S. Oppenheim,* Deputy Attorney General, of counsel and on the letter brief).

PER CURIAM.

Defendant Ernest Picciotti appeals from an order summarily denying his first petition for post-conviction relief. We reverse and remand.

Defendant was convicted following a jury trial of three drug offenses, including possession of cocaine with intent to distribute. In August 1985, after denial of his motion for a new trial, he was sentenced to an aggregate prison term of 15 years subject to five years of parole ineligibility. The judgment was affirmed by this court in January 1987, and defendant's subsequent petition to the Supreme Court for certification was denied. He filed this *pro se* petition for post-conviction relief in March 1987, expressly requesting counsel pursuant to *R.* 3:22–6(a) and raising a variety of challenges to the conviction,

including claims of ineffective assistance of counsel and alleged trial and sentencing errors. Rather than referring the petition to the Public Defender, the trial judge considered it on the merits and dismissed it, concluding by letter opinion that the complaints made by defendant either had no merit or had already been raised on direct appeal.

In reversing the order of dismissal, we do not address its merits. Our concern, rather, is procedural. *R.* 3:22–6(a) accords an indigent defendant the right to assigned counsel on his first post-conviction relief application. It provides that

without separate petition therefor, if the petition is the first one filed by the defendant attacking the conviction pursuant to this rule, the judge shall as of course, unless defendant affirmatively states his intention to proceed *pro se,* refer the matter to the Office of the Public Defender if the defendant's conviction was for an indictable offense....

Thus, as we explained in *State v. King,* 117 *N.J.Super.* 109, 111 (App.Div.1971):

*R.* 3:22–6(a) requires that the first petition for post-conviction relief *must* be referred to the office of the Public Defender if the petitioner's conviction was for an indictable offense unless the petitioner affirmatively states his intention to proceed *pro se.* This rule is mandatory. *State v. Ellis,* 116 *N.J.Super.* 330 (App.Div.1971).

The direction to refer the first petition to the office of the Public Defender does not in any way depend upon whether the trial court thinks the petition is meritorious. *R.* 3:22–9 directs that amendments of petitions for post-conviction relief shall be liberally allowed. As a matter of course the Public Defender may serve and file an amended petition within 25 days after the referral of the first petition to him. It is of advantage to the judicial system to have a first post-conviction relief petition raise all possible issues in existence at the time the petition is heard. * * *

We should not have to point out that reference of a first petition for post-conviction relief to the office of the Public Defender can be of great assistance to the court. In this case the issues were poorly articulated and inadequately presented to the trial court. The Public Defender by filing an amended petition will bring all issues that can be raised by the defendant into sharp focus and provide the court with the authorities supporting defendant's position.

Here defendant asserted both his indigency and his desire for representation on his first post-conviction relief petition. He was entitled to have the petition referred to the Public Defender for representation by counsel on the merits.

We are troubled by our perception that with increasing frequency trial judges are deciding first post-conviction petitions without the required reference to the Public Defender. We point out to the bench that until such time as the rule is amended by the Supreme Court or *State v. King* is declared by it to no longer constitute a correct interpretation thereof, the dictates of *R.* 3:22–6(a) must be complied with.

The order dismissing the petition with prejudice is reversed. The matter is remanded to the trial court for reference of the petition to the Public Defender and further proceedings pursuant to *R.* 3:22.