**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2212-15T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RENE RODRIGUEZ,

    Defendant-Appellant.

_____

Argued May 24, 2017 — Decided July 19, 2017

Before Judges Simonelli, Gooden Brown and Farrington.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 05-11-1496.

Eric M. Mark argued the cause for appellant (Law Office of Eric M. Mark, attorneys; Mr. Mark, on the briefs).

Kimberly L. Donnelly, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Grace H. Park, Acting Union County Prosecutor, attorney; N. Christine Mansour, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Rene Rodriguez appeals from the January 6, 2016 Law Division order, which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We derive the following facts from the record. On September 19, 2005, the police observed defendant engage in a hand-to-hand drug transaction. Defendant drove away from the scene of the transaction and the police stopped him a short time later. A consent search of defendant's car revealed eighteen plastic bags containing cocaine. The police searched defendant following his arrest and found $400 on his person.

Defendant was charged under Warrant Nos. W-05-851-2009 and W-05-852-2009 with third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); second-degree possession with intent to distribute a CDS, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(2); second-degree possession with intent to distribute a CDS within 500 feet of a public park, N.J.S.A. 2C:35-7.1; and third-degree possession with intent to distribute a CDS within 1,000 feet of school property, N.J.S.A. 2C:35-7.

On November 30, 2005, defendant entered a pre-indictment guilty plea to possession with intent to distribute a CDS, N.J.S.A. 2C:35-5(a)(1), amended to third degree. In exchange, the State agreed to recommend a three-year probationary term with 180 days

to be served in the county jail, and to dismiss the remaining charges.

At the plea hearing, defendant testified that he reviewed each question on the plea forms with plea counsel, and gave truthful answers to each question. Defendant had answered "Yes" to Question 17, which asked if he understood that he may be deported as a result of his guilty plea if he was not a United States citizen or national. Regarding the deportation consequences, the following colloquy occurred:

> [THE COURT]: Are you a U.S. citizen?
>
> [DEFENDANT]: No.
>
> [THE COURT]: Do you understand you may be deported if you plead guilty?
>
> [DEFENDANT]: Yes.
>
> [THE COURT]: Do you want to plead guilty knowing that?
>
> [DEFENDANT]: I wanted to plead innocent.
>
> [THE COURT]: I'm sorry?
>
> [DEFENDANT]: I'm confused right now. I don't know what to take. Guilty or innocent.
>
> [PLEA COUNSEL]: Are you married to a U.S. citizen?
>
> [DEFENDANT]: No.
>
> [PLEA COUNSEL]: Do you have children born in the United States?

[DEFENDANT]:    Yes.

[PLEA COUNSEL]:  Okay.  Unlikely.

[DEFENDANT]:    I'll plead guilty.

[THE COURT]:    Are you sure?

[DEFENDANT]:    Yes.

When defendant again expressed uncertainty about pleading guilty, the court refused to accept the plea and stated: "You're going to talk to your lawyer and I'm only going to take your plea if you fully understand everything."  After a brief recess, the following colloquy occurred:

[THE COURT]:    You all set?

[PLEA COUNSEL]:    Absolutely.   [Defendant] says he's fine.

[THE COURT]:    Where were we when we left off?

[DEFENDANT]:    I was pleading guilty, Your Honor.

[THE COURT]:    <u>Are you okay with everything now</u>?

[DEFENDANT]:    <u>Yeah</u>.

        . . . .

[THE COURT]:    <u>Are [you] willing to plead guilty knowing the consequences with regards to the deportation if there's a chance that they may file deportation charges against you</u>?

[DEFENDANT]:    <u>Yes sir</u>.

[THE COURT]: And you had a chance to talk with [plea counsel] about that?

[DEFENDANT]: Yes, sir.

[THE COURT]: Okay. Do you have any questions of [plea counsel] about anything?

[DEFENDANT]: No.

[THE COURT]: Okay. Are you satisfied with the work [plea counsel] performed for you?

[DEFENDANT]: Yes.

[(Emphasis added).]

Defendant also testified he was not forced or threatened into pleading guilty and did so freely and voluntarily. He then gave a factual basis for his plea, admitting that he possessed cocaine with the intent to distribute.

On March 28, 2006, the court sentenced defendant to a three-year probationary term with a 180-day jail sentence, which was later suspended. Defendant did not appeal his conviction or sentence.

In May 2015, the United States Department of Homeland Security initiated immigration removal proceedings against defendant based on his drug conviction. On July 14, 2015, defendant filed a PCR petition. In his verified petition, defendant certified that plea counsel rendered ineffective assistance by failing to: (1) apply for pre-trial intervention (PTI); (2) pursue meritorious defenses,

including a motion to suppress based on an unlawful motor vehicle stop; and (3) negotiate a non-deportable plea. Defendant did not certify that plea counsel affirmatively misadvised him there would be no immigration consequences of his guilty plea. Defendant also filed a motion to withdraw his guilty plea pursuant to Rule 3:21-1.

At oral argument on the PCR petition, PCR counsel argued there was excusable neglect to relax the five-year time bar of Rule 3:22-12(a)(1) because defendant was unaware of the deportation consequences of his plea until deportation proceedings began in May 2015, and denial of the petition would result in a fundamental injustice. PCR counsel asserted that plea counsel rendered ineffective assistance by affirmatively misadvising defendant there would be no immigration consequences and he would not be deported when, in fact, defendant was pleading to a deportable offense.

In a January 6, 2016 oral opinion, Judge William A. Daniel denied the petition without an evidentiary hearing, concluding it was time-barred by Rule 3:22-12(a)(1), and defendant failed to show excusable neglect or that a denial of the petition would result in a fundamental injustice. The judge found defendant had knowledge and was aware of the potential immigration consequences

when he pled guilty, and had the opportunity and incentive to inquire about his immigration status post-plea, but did not do so.

Addressing the merits, Judge Daniel reviewed the plea transcript and defendant's verified petition, and found the record did not support PCR counsel's argument that plea counsel affirmatively misadvised defendant there would be no immigration consequences and he would not be deported. The judge emphasized that defendant did not certify that plea counsel advised him he would not be deported. The judge concluded that by answering "Yes" to Question 17, defendant was on notice of the potential deportation consequences of his guilty plea.

Judge Daniel found that given the nature of the offenses charged, defendant was presumptively ineligible for PTI under Guideline 3(i) of Rule 3:28, and there was no evidence defendant was drug dependent or that the prosecutor was willing to join in a PTI application. The judge concluded that plea counsel was not ineffective for failing to file a likely unsuccessful PTI application.

Judge Daniel determined that a motion to suppress would have failed because the police had probable cause to conduct an investigatory stop of defendant's car based on them observing him engaging in a hand-to-hand drug transaction. The judge concluded

that plea counsel was not ineffective for failing to file a meritless motion to suppress.

Judge Daniel found defendant did not certify that the State was willing to offer anything less than what was offered or that plea counsel did not attempt to negotiate a more favorable plea deal. The judge concluded there was no competent evidence that plea counsel rendered ineffective assistance by failing to negotiate a non-deportable plea.

Lastly, Judge Daniel denied defendant's motion to withdraw his guilty plea. The judge found that defendant entered his plea voluntarily and knowingly and provided a factual basis. The judge determined that defendant failed to satisfy the Slater factors: (1) whether defendant asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether the withdrawal would result in unfair prejudice to the State or unfair advantage to defendant. State v. Slater, 198 N.J. 145, 157-58 (2009). The judge found that defendant did not assert his innocence at the plea hearing, but merely seemed unsure as to whether or not to plead guilty, and did not certify that he was innocent of the offense charged. The judge also found that defendant's reason for withdrawal, ineffective assistance of counsel, lacked merit; there was a negotiated plea; defendant benefitted from a favorable plea

bargain; defendant knew of the deportation consequences of his plea; and the State would be prejudiced by the ten-year delay while defendant would have an unfair advantage.

On appeal, defendant raises the following contentions:

I.    The Time Bar to PCR is Overcome by Excusable Neglect and Fundamental Injustice.

    A.    Petitioner's Failure to Timely File Was Due to Excusable Neglect.

        i.  The Lower Court Erred in Finding the Absence of Excusable Neglect because of the Court's Warnings.

        ii. The Lower Court Erred in Finding the Plea Form, Alone, Showed "Knowledge or Awareness" of the Immigration Consequences.

        iii. [Defendant] Did Not Have the "Knowledge or Awareness" of Immigration Consequences Because His Trial Counsel Misinformed Him.

    B.    Enforcement of the Time Bar Would Result in Fundamental Injustice.

II.  Ineffective Assistance of Counsel.

    A.    Defense Counsel Misadvised [Defendant] of Immigration Consequences.

A-2212-15T2

B. Defense Counsel Failed to Apply [Defendant] to [PTI].

C. Defense Counsel Failed to Pursue Potentially Meritorious Defenses.

D. Defense Counsel Failed to Negotiate a Non-Deportable Plea.

E. Cumulative Effects.

III. The Trial Court Erred in Denying an Evidentiary Hearing.

IV. Withdrawal of Guilty Plea Should Have Been Granted Because [Defendant] Did Not Have a Comprehensive Understanding of the Consequences.

We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. State v. Preciose, 129 N.J. 451, 462 (1992). We discern no abuse of discretion here.

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199 (1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed fact lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J.

343, 355 (2013). To establish a prima facie claim of ineffective assistance of counsel, the defendant

> must satisfy two prongs. First, he must demonstrate that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. An attorney's representation is deficient when it [falls] below an objective standard of reasonableness.
>
> Second, a defendant must show that the deficient performance prejudiced the defense. A defendant will be prejudiced when counsel's errors are sufficiently serious to deny him a fair trial. The prejudice standard is met if there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability simply means a probability sufficient to undermine confidence in the outcome of the proceeding.
>
> [State v. O'Neil, 219 N.J. 598, 611 (2014) (citations omitted).]

"[I]n order to establish a prima facie claim, [the defendant] must do more than make bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." Cummings, supra, 321 N.J. Super. at 170. The defendant must establish, by a preponderance of the credible evidence, that he is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013). With respect to a guilty plea, our Supreme Court has explained that

> [t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show that (i) counsel's assistance was not within the range of competence demanded of attorneys in criminal cases; and (ii) that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.
>
> [State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).]

We have considered defendant's contentions in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons expressed by Judge Daniel in his comprehensive and cogent oral opinion. However, we make the following brief comments.

The Supreme Court of the United States has held that defense attorneys are affirmatively obligated to inform their clients about the deportation risks of entering a guilty plea. Padilla v. Kentucky, 559 U.S. 356, 366, 130 S. Ct. 1473, 1482, 176 L. Ed. 2d 284, 294 (2010). However, the Court held that Padilla does not apply retroactively, Chaidez v. United States, ___ U.S. ___, ___, 133 S. Ct. 1103, 1105, 185 L. Ed. 2d 149, 154 (2013), and our Supreme Court held that Padilla is a new rule to be applied prospectively only. State v. Gaitan, 209 N.J. 339, 371-72 (2012),

cert. denied, ___ U.S. ___, 133 S. Ct. 1454, 185 L. Ed. 2d 361 (2013); see also State v. Santos, 210 N.J. 129, 143 (2012).

Here, defendant pled guilty five years before Padilla. Therefore, his "guilty plea is not vulnerable because neither the court nor counsel warned the defendant about the deportation consequences of the guilty plea." Gaitan, supra, 209 N.J. at 361 (citation omitted).

A limited exception to this rule arises when defense counsel provided affirmatively misleading advice about the immigration consequences of a guilty plea. See Nuñez-Valdéz, supra, 200 N.J. at 139-43 (where defense counsel informed the defendant there would be no immigration consequences arising from his plea); see also Santos, supra, 210 N.J. at 143. That exception is inapplicable here because Judge Daniel did not find that plea counsel affirmatively misadvised defendant there would be no deportation consequences arising from his plea. Rather, the judge found there was no competent evidence counsel gave affirmatively misleading advice, and defendant knew that he may be deported by virtue of having read and truthfully answered "Yes" to Question 17 and having been alerted to that possibility at the plea hearing. This information was not prima facie proof of ineffective assistance of counsel. State v. Brewster, 429 N.J. Super. 387, 398 (App. Div. 2013).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

14