**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3321-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

RICHARD C. SPELLMAN,
a/k/a CHIEF SPELLMAN,
and CHIEF BLOOD,

      Defendant-Appellant.

_____

Submitted July 8, 2019 – Decided July 15, 2019

Before Judges Yannotti and Haas.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment Nos. 08-09-0644, 08-09-0645 and 08-09-0646.

Joseph E. Krakora, Public Defender, attorney for appellant (Kisha M. Hebbon, Designated Counsel, on the brief).

Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Rory A. Eaton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Richard Spellman appeals from the January 16, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

As discussed in our opinion on defendant's direct appeal, after the trial court denied defendant's motion to suppress a recorded statement he gave to the police, he pled guilty to a number of charges, including two counts of second-degree aggravated assault; two counts of first-degree robbery; and a series of weapons offenses. State v. Spellman, No. A-4233-12 (App. Div. May 21, 2015) (slip op. at 1-2). The court sentenced defendant to an aggregate seventeen-year term, subject to an 85% period of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, and ordered defendant to serve a five-year term of parole supervision following his release from prison. Id. at 2.

Defendant appealed his conviction and sentence. Ibid. We affirmed defendant's convictions, but remanded the matter for resentencing. Id. at 16. On remand, the court sentenced defendant to a sixteen-year aggregate term, subject to NERA.

Defendant then filed his petition for PCR, contending that his trial counsel rendered ineffective assistance due to the attorney's failure to: (1) present

evidence of defendant's "mental illness" at the Miranda[1] hearing; and (2) conduct an adequate investigation into a possible diminished capacity defense and discuss the "pros and cons" of this argument with defendant prior to his plea. In support of these assertions, defendant stated that his attorney secured a report from an expert psychiatrist, who opined that defendant "was mentally ill at the time [he committed] the alleged offenses." The expert stated that although defendant was competent to stand trial and "could appreciate the wrongfulness of his conduct, his behavior was significantly influenced by the presence of mental illness in that his judgment was impaired and diminished capacity is applicable." Although the expert did not render an opinion on the question of whether defendant's condition adversely affected his ability to voluntarily waive his Miranda rights, defendant argued that his attorney should have advanced this argument at the suppression hearing. Defendant also asserted that his attorney did not review the report with him prior to his acceptance of the plea, and never explained why the attorney had decided to forego the pursuit of a diminished capacity defense.

In a thorough written opinion, Judge Anthony F. Picheca, Jr. considered these contentions and denied defendant's petition for PCR. The judge concluded

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

A-3321-17T1

that defendant failed to satisfy the two-prong test of <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the results would have been different.

In so ruling, the judge first determined that defense counsel's "decision . . . not to pursue the argument that [d]efendant lacked capacity to waive his <u>Miranda</u> rights was a strategic decision within the wide spectrum of reasonable and competent representation." The judge noted that the State had produced an expert of its own, who contradicted the opinions presented by defendant's proposed witness on the question of whether defendant suffered from a diminished capacity. In addition, both witnesses agreed that defendant was competent to stand trial, and neither addressed the issue of whether defendant suffered from a mental illness that deprived him of the ability to voluntarily waive his <u>Miranda</u> rights. The record also reflected that defense counsel reviewed both reports before making a professional judgment not to attempt to rely on his expert's report at the suppression hearing.

The judge further found that even if defense counsel should have attempted to introduce the report at the hearing, it would not have affected the outcome of that proceeding. In this regard, the judge pointed to our observation

on direct appeal that "[t]he fact that [a] defendant . . . suffer[s] from a mental illness at the time of the questioning [does] not render his [or her] waiver or his [or her] statement involuntary." Spellman, (slip op. at 11) (alterations in original) (internal quotation marks omitted) (quoting State v. Smith, 307 N.J. Super. 1, 10 (App. Div. 1997)). Instead, a defendant's "statement is admissible so long as it 'was the product of a free and deliberate choice rather than intimidation, coercion or deception.'" Ibid. (quoting Smith, 307 N.J. Super. at 11).

Applying this standard, we concluded that the DVD of defendant's statement to the police "show[ed] that defendant understood, and was fully responsive to, the questions posed by the detectives." Id. at 12. There was "no evidence of police coercion[,]" "[t]he interview only lasted approximately forty minutes, and the questioning was conversational in tone." Ibid. Thus, any argument raised by defendant based on his alleged mental illness would not have been successful at the suppression hearing.

Judge Picheca also rejected defendant's bald assertion that his attorney failed to discuss the advantages and disadvantages of proceeding to trial on the basis of a diminished capacity defense. The judge found that during defendant's plea colloquy, he repeatedly stated that his attorney had answered all of his

5

questions over the four years the attorney represented him, including "the possibility of an insanity defense[.]" Accordingly, the judge concluded that

> not only was [d]efendant aware that by pleading guilty he was waiving possible defenses based on his capacity but also that he had adequate opportunity to obtain advi[c]e from counsel regarding same. Defendant indicated during the plea colloquy that he had sought such advice and was satisfied with the responses he received from counsel.

The judge also found that an evidentiary hearing was not necessary because defendant failed to prove a prima facie case of ineffective assistance. This appeal followed.

On appeal, defendant raises the following contentions:

POINT I

THE TRIAL COURT ERRED IN DENYING DEFENDANT'S PETITION FOR [PCR] WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO DETERMINE THE MERITS OF HIS CONTENTION THAT HE WAS DENIED THE RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL.

A. The Prevailing Legal Principles Regarding Claims Of Ineffective Assistance Of Counsel, Evidentiary Hearings And Petitions For [PCR].

B. Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Conduct A Thorough Pretrial Investigation Into Potential Defenses And To Present Evidence of

Defendant's Mental Illness At The <u>Miranda</u> Hearing.

C.     Trial Counsel Rendered Ineffective Legal Representation By Virtue Of His Failure To Discuss The Pros And Cons Of All Possible Defenses With Defendant Prior To Trial.

D.     Defendant Is Entitled To A Remand To The Trial Court To Afford Him An Evidentiary Hearing To Determine The Merits Of His Contention That He Was Denied The Effective Assistance Of Trial Counsel.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. <u>State v. Nash</u>, 212 N.J. 518, 541 (2013); <u>State v. Preciose</u>, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." <u>State v. Mitchell</u>, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only

if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his or her right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 52 (1987). Under the first prong of the test, the defendant must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Under the second prong, the defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Ibid. That is, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate with "reasonable probability" that the result would have been different had he or she

received proper advice from his or her trial attorney. <u>Strickland</u>, 466 U.S. at 694.

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in Judge Picheca's comprehensive written opinion. The judge's conclusion that defense counsel's handling of the expert report was sound, tactical strategy is firmly grounded in the record, which also fully supports the judge's determination that the attorney adequately explained his tactics to defendant prior to the entry of his plea. Under these circumstances, the judge was not required to conduct an evidentiary hearing on defendant's PCR application. <u>Preciose</u>, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3321-17T1