# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0580-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

PATRICK D. THOMAS,

     Defendant-Appellant.

_____

Submitted November 12, 2024 – Decided April 14, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-10-1440.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Abby P. Schwartz, Designated Counsel, on the brief).

Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia Woodard, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Patrick Thomas appeals a September 25, 2023 order denying his petition for post-conviction relief (PCR). Applying pertinent legal principles to the record and the issues, we affirm for substantially the same reasons set forth in Judge Michael A. Guadagno's well-reasoned opinion.

I.

On December 11, 2017, defendant pleaded guilty to a charge of fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b), where the victim was his nineteen-year-old niece. In exchange, the State agreed to recommend a sentence of non-custodial probation. In March 2018, defendant was sentenced to two years' probation conditioned on thirty-six days time-served, plus mandatory fines and penalties.

In January 2023, defendant filed a petition for PCR seeking to withdraw his guilty plea on the basis that his attorney had neither advised him of his option to apply to the Pretrial Intervention Program (PTI), nor as to "severe immigration consequences" resultant from his guilty plea and sentence. Judge Guadagno heard argument on defendant's petition on September 5, 2023, at which he considered the documents submitted and arguments of counsel.

In a written decision and order issued on September 25, 2023, the judge denied defendant's petition and request to withdraw his guilty plea, finding

defendant had failed to meet the <u>Strickland-Fritz</u> test to establish his trial counsel rendered ineffective assistance. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984); <u>State v. Fritz</u>, 105 N.J. 42, 51-52 (1987). The judge also rejected defendant's argument that the court should vacate his plea due to "manifest injustice," finding defendant had failed to meet the applicable test under <u>State v. Slater</u>, 198 N.J. 145, 157-58 (2009).

Specifically, the judge found there had been "no showing of any likelihood that, had defendant applied for PTI, he would have been accepted." The judge further found that defense counsel had not rendered misadvice regarding the immigration consequences of defendant's guilty plea. Regarding the second prong of <u>Strickland,</u> the judge found defendant's claim that the guilty plea subjected him to "severe immigration consequences" was a bald assertion that did not result in prejudice to defendant.

II.

On October 26, 2023, defendant filed a notice of appeal raising the following arguments:

> <u>POINT I</u>
>
> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF HIS RIGHT TO DUE PROCESS, AS HIS TRIAL ATTORNEY FAILED TO ADVISE HIM TO APPLY

TO PRETRIAL INTERVENTION SO AS TO PREVENT DIRE IMMIGRATION ISSUES.

POINT II

THE TRIAL COURT ERRED IN NOT ALLOWING DEFENDANT TO WITHDRAW HIS PLEA OF GUILTY AS THIS PLEA WAS NOT VOLUNTARY, KNOWING AND IS A MANIFEST INJUSTICE AS A RESULT OF THE IMMIGRATION CONSEQUENCES. THE TRIAL COURT ERRED IN NOT ORDERING AN EVIDENTIARY HEARING.

In order to obtain an evidentiary hearing on a PCR application based on ineffective assistance claims, a defendant must make a prima facie showing of deficient performance and actual prejudice. State v. Preciose, 129 N.J. 451, 462-63 (1992). "When determining the propriety of conducting an evidentiary hearing, the PCR court should view the facts in the light most favorable to the defendant." State v. Jones, 219 N.J. 298, 311 (2014) (citing State v. Marshall, 148 N.J. 89, 158 (1997)); see also Preciose, 129 N.J. at 462-63.

A defendant requesting an evidentiary hearing "must do more than make bald assertions that he was denied effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see Marshall, 148 N.J. at 158 ("If the court perceives that holding an evidentiary hearing will not aid the court's analysis of whether the defendant is entitled

A-0580-23

to post-conviction relief, . . . then an evidentiary hearing need not be granted."); State v. L.G.-M., 462 N.J. Super. 357, 365 (App. Div. 2020) (holding appellate review of a trial court's decision to grant or deny a defendant's request for an evidentiary hearing is conducted under an abuse-of-discretion standard).

In reviewing claims of ineffectiveness, courts perform a two-prong analysis, applying a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. With respect to the first prong, "the test is whether counsel's conduct fell below an objective standard of reasonableness." State v. Savage, 120 N.J. 594, 614 (1990) (citing Strickland, 466 U.S. at 688). "[A] defendant challenging assistance of counsel must demonstrate that counsel's actions were beyond the 'wide range of professionally competent assistance.'" Ibid. (quoting Strickland, 466 U.S. at 690). "[T]o satisfy the second prong — that a defendant has been prejudiced by counsel's actions — there must be a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Ibid. (quoting Strickland, 466 U.S. at 694). "[T]he ultimate focus

5

of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." Strickland, 466 U.S. at 696.

Applying these principles, we discern no abuse of discretion in Judge Guadagno's decision not to conduct an evidentiary hearing as to defendant's claims about trial counsel's allegedly inadequate advice.

PTI Application and Admission

Defendant argues trial counsel was ineffective in not advising him of the possibility of application to PTI. In a certification submitted to the PCR court, defendant asserted that "[h]ad I been accepted into the pre-trial intervention program, I would have avoided the severe immigration consequences associated with the plea." In opposition, the State observes that "N.J.S.A. 2C:43-12(e) enumerates a uniform, non-exhaustive list of seven factors a prosecutor must consider in determining a defendant's 'amenability to correction' and 'potential responsiveness to rehabilitation' through PTI." State v. E.R., 471 N.J. Super. 234, 246 (App. Div. 2022). The State observes that of those factors, seven "would have weighed heavily against defendant's admission into PTI." The PCR judge found, "there has been no showing of any likelihood that, had defendant applied for PTI, he would have been accepted." Indeed, based on our review of the record, there is sufficient evidence in the record to support the PCR judge's

6

finding that "defendant showed consistent and recurring reluctance to accept responsibility for the crime, and as such, did not present an 'amenability to correction and responsiveness to rehabilitation [contemplated by the PTI program].'" See State v. Watkins, 193 N.J. 507, 527 (2008). We agree.

Defendant's Immigration Status

Concerning defendant's immigration status, "where . . . no evidentiary hearing [is] conducted, [an appellate court] may review the factual inferences the court has drawn from the documentary record de novo." State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016).

Defendant's concerns regarding "severe immigration consequences" are tied directly to his assertion that he was otherwise qualified to be admitted to PTI. Consistent with the PCR court, we conclude that assertion to be unfounded and unsupported. Moreover, a review of the plea-hearing transcript reveals that defendant was made fully aware of the immigration consequences:

> THE COURT: Are you a United States citizen?
>
> DEFENDANT: No, Your Honor.
>
> THE COURT: You're not?
>
> DEFENDANT: No. I am a permanent resident.
>
> THE COURT: And where –

A-0580-23

DEFENDANT:  Permanent resident.

THE COURT:  From where, sir?

DEFENDANT:  Jamaica.

THE COURT:  And you've discussed potential immigration issues with your attorney?

DEFENDANT:  No, Your Honor.

THE COURT:  Is that an issue?

DEFENSE COUNSEL:  Sir, if I may, Judge, on that.

THE COURT:  Yes.

DEFENSE COUNSEL:  [To defendant] Do you remember we sat outside and you showed me your card?

DEFENDANT:  Yes.

DEFENSE COUNSEL:  And you said you're a permanent resident?  The judge asked if you - and I spoke about that - we, in fact, did speak about that didn't we?

DEFENDANT:  Oh, yeah.

DEFENSE COUNSEL:  Okay.

THE COURT:  And based on those discussions, is it your intention to go forward with this guilty plea today?

DEFENDANT:  Yes, Your Honor.

A-0580-23

THE COURT: Do you need any additional time to speak with an immigration attorney before you enter this plea?

DEFENDANT: No, Your Honor.

THE COURT: And you're freely and voluntarily waiving that right?

DEFENDANT: Yes, Your Honor.

THE COURT: And you understand that this could have implications with regards to your status?

DEFENDANT: Yes, Your Honor.

THE COURT: And you're still willing to go ahead with the plea today?

DEFENDANT: Yes, Your Honor.

It is evident that defendant did, in fact, discuss potential immigration consequences with counsel, did not wish to further consult with an attorney specializing in immigration law, and wished to proceed with the guilty plea.

In addition, the plea form signed and initialed by defendant reads at page 4, question 17.a.: "Are you a citizen of the United States?" Defendant circled "No." Question 17.b. reads: "Do you understand that if you are not a citizen of the United States, this guilty plea may result in your removal from the United States and/or stop you from being able to legally enter or re-enter the United States?" Defendant circled "Yes." Question 17.c. reads: "Do you understand

9

that you have the right to seek individualized advice from an attorney about the effect your guilty plea will have on your immigration status?" Consistent with the plea colloquy, defendant circled "Yes." Question 17.d. reads: "Have you discussed with an attorney the potential immigration consequences of your plea?" Defendant circled "No." Question 17.e. reads: "Would you like the opportunity to do so?" Defendant circled "No." Question 17.f. reads: "Having been advised of the possible immigration consequences and of your right to seek individualized legal advice on your immigration consequences, do you still wish to plead guilty?" Defendant circled "Yes."

Judicial colloquies have import. When the trial court specifically asked defendant under oath whether he had discussed the potential immigration consequences of his guilty plea and defendant initially answered "No," there was follow up. Defense counsel reminded defendant that they had, in fact, discussed immigration consequences of the guilty plea, and defendant acknowledged having shown counsel his permanent resident card. We note further that in taking defendant's plea, the trial court enhanced the safeguards of question 17 and subparts c and d, by pointedly asking defendant, "Do you need any additional time to speak with an immigration attorney before you enter this plea?" (Emphasis added). Defendant answered "No."

10

There is in the record correspondence from an immigration attorney dated June 26, 2023, outlining the broad consequences to which any permanent resident would be subject following a guilty plea to the offense concerned. Those consequences are referenced in the very plea form defendant completed and was questioned about. However, as found by the PCR court, beyond a bald assertion from defendant to the contrary, there is nothing to substantiate either absence of advice or any misadvice at odds with those consequences.

In sum, we see no reason to disturb Judge Guadagno's finding that defendant failed to make a prima facie showing of ineffective assistance of counsel and, thus, was properly denied an evidentiary hearing. Likewise, we find no legal or factual basis to conclude the judge erred in denying defendant's PCR petition or in rejecting his argument to vacate his plea.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11