**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4212-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANTHONY BAULO,

    Defendant-Appellant.

_____

Submitted April 17, 2018 — Decided July 12, 2018

Before Judges Fisher and Sumners.

On appeal from Superior Court of New Jersey,
Law Division, Essex County, Indictment No.
14-01-0171.

Joseph E. Krakora, Public Defender, attorney
for appellant (Monique D. Moyse, Designated
Counsel, on the brief).

Robert D. Laurino, Acting Essex County
Prosecutor, attorney for respondent (Kayla
Elizabeth Rowe, Special Deputy Attorney
General/Acting Assistant Prosecutor, of
counsel and on the brief).

PER CURIAM

    Defendant Anthony Baulo pled guilty to fourth-degree

unlawful possession of a weapon (a knife) — arising from a

domestic dispute with his girlfriend — before Judge Verna G. Leath. After the judge denied defendant's motion to withdraw his plea, she sentenced him to one-year probation. Defendant subsequently filed a timely petition for post-conviction relief (PCR) asserting his trial counsel was ineffective because he failed to properly review his case; failed to investigate a related Family Court litigation;[1] and failed to fully explain discovery and trial strategy options.[2] He also claimed that, despite his advice, counsel failed to inform the judge that the pre-trial sentence report listed offenses that were committed by his cousin, who has the same name.

Judge Leath denied PCR without an evidentiary hearing. In a written opinion issued with her order, the judge set forth the factual circumstances surrounding the domestic dispute, which we need not repeat here, and applied the well-known PCR standard articulated in Strickland v. Washington, 466 U.S. 668, 687, 694 (1984) and State v. Fritz, 105 N.J. 42, 58 (1987), to find that defendant failed to set forth a prima facie case of ineffective

---

[1] A final restraining order was issued on the basis of terroristic threats in one matter, and in another matter, defendant pled guilty to two counts of contempt of a domestic violence restraining order resulting in one year of probation.

[2] His filing was pro se and he later retained counsel.

assistance of counsel. The judge noted that defendant's PCR arguments were the same contentions she rejected in his motion to withdraw his guilty plea because they were found to have no merit. She also pointed out that during his plea allocution, defendant expressed satisfaction with counsel's representation. Moreover, the judge cited State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), for its proposition that there must be more than bald allegations of counsel's substandard investigation, and found that defendant's petition lacked supporting affidavits setting forth personal knowledge of what a more thorough investigation would have revealed.

Nevertheless, accepting defendant's allegations as true, Judge Leath found that defendant failed to show there would have been a different outcome in the resolution of the unlawful possession of a weapon charge, especially considering his plea deal was "extraordinary."[3] And since mitigating factor seven — no history of prior criminal offenses — N.J.S.A. 2C:44-1(b)(7), was applied at sentencing, Judge Leath reasoned the concerns over the pre-trial sentence report were irrelevant.

---

[3] In accordance with the plea agreement, the remaining charges of second-degree burglary, third-degree aggravated assault, third-degree possession of a weapon for unlawful purpose, and third-degree terroristic threats, were dismissed.

On appeal, defendant argues:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL.

POINT TWO

IN THE ALTERNATIVE, THIS MATTER SHOULD BE REMANDED FOR NEW FINDINGS OF FACT AND CONCLUSIONS OF LAW BY A PCR COURT.

Having considered these arguments in light of the record and applicable legal standards, defendant's arguments lack sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(2), and we affirm substantially for the reasons set forth by Judge Leath in her cogent decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4212-16T4