**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0368-16T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CHARLES J. WELCH,

    Defendant-Appellant.

_____

Submitted September 13, 2018 – Decided  October 15, 2018

Before Judges Hoffman and Suter.

On appeal from Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 07-08-0858.

Joseph A. Krakora, Public Defender, attorney for appellant (Carolyn V. Bostic, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Tasha M. Kersey, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Charles Welch appeals from the June 24, 2016 Law Division order denying his petition for post-conviction relief (PCR). We affirm.

I

In August 2007, a Mercer County grand jury charged defendant with first-degree murder and related charges in the fatal shooting of Robert DeLoach on September 27, 2005, in Trenton. On that date, defendant had words with women connected to a rival gang. After defendant saw one of the women place a call on her cell phone, DeLoach approached a few minutes later on a bicycle. Defendant assumed DeLoach came armed to exact revenge. But defendant did not wait to see if DeLoach was armed; instead, he started firing shots at him. Following his arrest, defendant voluntarily provided a statement to police, admitting that he had shot and killed DeLoach.

As part of a negotiated plea, defendant agreed to plead guilty to count one, amended to first-degree aggravated manslaughter. In exchange, the State agreed to recommend the dismissal of all the remaining counts contained in the indictment, and a term of imprisonment not to exceed twenty-two years.

After defendant answered affirmatively that he was acting in self-defense during his sworn plea allocution, the following colloquy occurred between the trial judge and defendant:

Q. Well, you shot [the victim] once, right?

A. Once?

Q. You shot him – you started out by shooting him one time, right?

A. Yes.

Q. What happened after that?

A. I kept shooting.

Q. You kept shooting. Okay. And how many shots did you fire?

A. Six.

Q. Okay. So, after the first shot hit him, what happened to him?

A. He ran.

Q. Okay. And he started running away from you?

A. Yes.

Q. And what happened, did the second shot hit him?

A. I don't know.

Q. Okay. And did he eventually fall?

A. No. He kept running.

Q. After you shot him?

A. Yes.

Q. Did he run away from you entirely?

3

A. Yes.

Q. So, while he was running away, you shot him in the back?

A. Yes.

Four days after his plea hearing, defendant filed a pro se motion to withdraw his guilty plea. Defendant provided only a bare assertion of innocence and failed to list any witnesses or the content of their testimony. The plea judge denied the motion, finding that he had gone over the self-defense issue at the time of the plea, and found defendant otherwise failed to present a basis for withdrawing his plea under Slater.[1] Specifically, the judge found that defendant "shot a man who had no gun, who did nothing to him, [he] [did not] see a gun, [he] [did not] see him do anything threatening, [he] [did not] hear him say anything threatening. And then when the victim started to run away, he shot him in the back."

At sentencing, the court imposed a term of imprisonment for twenty-two years, subject to the No Early Release Act. On direct appeal, defendant challenged his sentence and the denial of his motion to withdraw his guilty plea; we rejected defendant's arguments, affirming his conviction and sentence. State

---

[1] State v. Slater, 198 N.J. 145 (2009).

v. Welch, No. A-3808-10 (App. Div. Oct. 16, 2012), certif. denied, 213 N.J. 536 (2013).

In 2013, defendant filed a pro se PCR petition. On March 12, 2015, the Law Division dismissed defendant's petition "without prejudice due to [assigned] counsel's failure to timely file a brief . . . ." On June 23, 2015 – 104 days later – defendant filed a second PCR petition.

Following oral argument, the PCR judge issued a written decision denying defendant's petition. He first found the petition was procedurally barred. Rule 3:22-12(a)(4) provides that petitions dismissed "without prejudice . . . shall be treated as a first petition . . . if . . . refiled within [ninety] days after the date of dismissal." Since defendant did not file his second petition within this ninety-day timeframe, the PCR judge treated the petition as a second or subsequent petition for PCR. R. 3:22-12(a)(2). Because defendant's second petition did not include an allegation that the assigned counsel on his first PCR petition was ineffective, Rule 3:22-12(a)(2)(C), the PCR judge determined this second petition was untimely, pursuant to Rule 3:22-12(a)(2).

The judge nevertheless went on to address the merits of defendant's eleven claims of ineffective assistance of trial and appellate counsel, and judicial

misconduct, before denying defendant's petition as both time-barred and lacking in substantive merit.  This appeal followed.

Defendant raises four arguments for our consideration:

> POINT I:
> DEFENDANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS DURING THE PCR PROCEEDINGS AND, THEREFORE, THIS MATTER MUST BE REMANDED FOR THE ASSIGNMENT OF NEW PCR COUNSEL AND NEW PCR PROCEEDINGS. (NOT RAISED BELOW)
>
> POINT II:
> THE PCR COURT ABUSED ITS DISCRETION BY HOLDING THAT DEFENDANT'S SECOND PCR PETITION WAS TIME-BARRED BY R. 3:22-12(A)(2), AND THAT THE EXCEPTION FOR INEFFECTIVE ASSISTANCE OF PCR COUNSEL IN R. 3:22-12(A)(2)(C) DID NOT APPLY.
>
> POINT III:
> THE PCR COURT ABUSED ITS DISCRETION BY HOLDING THAT THE DEFENDANT'S CLAIMS WERE PROCEDURALLY BARRED BY R. 3:22-4(B).
>
> POINT IV:
> THE PCR COURT ABUSED ITS DISCRETION BY DENYING AN EVIDENTIARY HEARING WHERE DEFENDANT ESTABLISHED THAT HE WAS PREJUDICED BY TRIAL COUNSEL'S FAILURE TO CORRECTLY ADVISE HIM THAT, IF HE PLED GUILTY, HE WOULD WAIVE HIS RIGHT TO

6

APPEAL THE DENIAL OF THE MOTION TO SUPPRESS HIS PURPORTED CONFESSION.

II

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant must then show counsel's deficient performance prejudiced the defense. Ibid. To show prejudice, defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction . . . ." Id. at 58.

PCR is New Jersey's analogue to the federal writ of habeas corpus. State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal and, therefore, ensures that a defendant was not unjustly convicted. State v. McQuaid, 147 N.J. 464, 482 (1997) (citation omitted).

A-0368-16T4

## III

In this case, it is arguable that defendant's PCR counsel erred in failing to timely submit the first PCR petition's brief and the second PCR petition within ninety days after the first petition's dismissal; however, defendant fails to explain how these alleged errors caused any prejudice. Notwithstanding his finding that the second PCR petition was procedurally barred, the PCR judge proceeded to address on the merits each of defendant's eleven claims of ineffective assistance and judicial misconduct. Defendant simply asks us to presume he was prejudiced by his PCR counsel, United States v. Cronic, 466 U.S. 648, 658 (1984), or to alternatively find "that the facts . . . are sufficient to establish prejudice under Strickland." "[I]n order to establish a prima facie claim, [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings. 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant's arguments that he was prejudiced as a result of his PCR counsel's alleged error in causing the second PCR petition to be procedurally barred, and in failing to include supporting certifications with his petitions, clearly lack merit in light of the PCR judge's thorough consideration of all eleven of defendant's claims.

A-0368-16T4

We next discuss defendant's second and third points together, as they relate to the same issue regarding the procedural barring of defendant's second PCR petition. The crux of the arguments is that the trial judge abused his discretion by not finding Rule 3:22-4(b)(2)(C) and Rule 3:22-12(a)(2)(C) applicable to defendant's PCR petition. Both of these rules recognize the viability of second or subsequent PCR petitions when they allege "ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief." R. 3:22-4(b)(2)(C); R. 3:22-12(a)(2)(C).

As noted, the trial court judge held each of these subsections inapplicable because defendant's PCR petition never alleged ineffective assistance of his PCR counsel – rather all eleven arguments in his petition allege either ineffective assistance by his trial and appellate counsel, or judicial misconduct by the trial court. In his brief, defendant concedes this point, and contends "the PCR court should have taken notice of PCR counsel's obvious deficient performance below, and found on its own accord that defendant constructively alleged ineffective assistance of PCR counsel for purposes of" Rule 3:22-12(a)(2)(C). Defendant's argument is contrary to the plain language of Rule 3:22-4(b)(2)(C) and Rule 3:22-12(a)(2)(C). Moreover, these subsections pertain only to the issue of whether a PCR petitioner's second petition should be

procedurally barred. Because the trial court went on to address each of defendant's PCR petition's arguments on the merits, defendant was not prejudiced by the trial judge's conclusions regarding these subsections. Defendant's second and third points on appeal therefore lack merit.

Defendant's final point asserts the PCR judge abused his discretion by denying his petition without affording him an evidentiary hearing regarding defendant's allegation that his trial counsel failed to advise him that if defendant pled guilty, he would risk waiving his right to appeal the trial court's denial of a motion to suppress his purported confession to police. Where a defendant establishes a prima facie claim of ineffective assistance of counsel, a court may conduct an evidentiary hearing. Preciose, 129 N.J. at 462. The determination whether to hold an evidentiary hearing on an ineffective assistance of counsel claim is left to the sound discretion of the PCR judge. Ibid. We therefore review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Ibid. (citation omitted).

Neither defendant nor the record provides factual substantiation for defendant's claim of ineffective assistance regarding the legal consequences of pleading guilty for aggravated manslaughter. The plea hearing transcript contains both the trial court judge and defendant's counsel explicitly discussing

this very issue. After a lengthy colloquy between the judge and counsel as to the preservability of defendant's motion to suppress his statements to police, the judge told defendant, "[Y]ou may or may not be foreclosed. By entering this plea agreement, you may be giving up your right forever to challenge the admissibility of that statement. Do you understand?" Defendant answered, "Yes." Defendant's trial counsel then stated:

> And just so the record reflects, I did have that discussion with [defendant] about the motion, and it was our understanding, because the Court is aware that a motion was initially determined . . . it . . . may . . . have . . . that preservation aspect to it. So, as the Court has noted, we do[ not] know what the Appellate Division may do. But, we did discuss that though, just so the record reflects.

In his written opinion, the PCR judge noted this colloquy along with defendant's guilty plea, and the plea judge's finding "that his plea was made knowingly, intelligently, and voluntarily." The PCR judge concluded "there is little doubt that [defendant] understood the risk of entering his plea." Moreover, the trial judge found no evidence that defendant suffered prejudice from the alleged ineffective assistance. As noted, to establish prejudice, the defendant must show by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction[.]" Fritz, 105 N.J. at 58. The record reflects no such showing.

Defendant's brief acknowledges the trial judge's conclusion that the record contains no evidence of prejudice, only to reiterate the claim that defendant's PCR counsel provided ineffective assistance. Defendant then argues the context surrounding his statements to the police, including his age at the time of the statement, as well as the extent of litigation as to the admissibility of the statement. However, defendant fails to explain how these arguments relate to the trial counsel's alleged failure to advise on the consequences of pleading guilty, or how the alleged deficiency by trial counsel materially contributed to defendant's conviction.

We conclude the trial judge did not abuse his discretion in denying defendant's PCR petition without an evidentiary hearing for abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0368-16T4