**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3103-16T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JIAHAD A. ABDULLAH, a/k/a
JIHAD A. ABDULLAH,

    Defendant-Appellant.

_____

        Submitted December 4, 2018 – Decided December 12, 2018

        Before Judges Sabatino and Haas.

        On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment Nos. 10-12-2733 and 11-02-0273 .

        Joseph E. Krakora, Public Defender, attorney for appellant (Frank M. Gennaro, Designated Counsel, on the brief).

        Gurbir S. Grewal, Attorney General, attorney for respondent (Mario C. Formica, Special Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jiahad A. Abdullah, who pled guilty to crimes charged in two separate Atlantic County indictments, appeals the trial court's December 14, 2016 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm.

The record concerning Indictment No. 10-12-02733 shows defendant was spotted by police officers on May 23, 2007 in a neighborhood in Atlantic City where they were investigating several recent gun point robberies. Police observed defendant as he was trying to enter an apartment. When the police told him not to enter the apartment, he ran off. A detective heard a loud sound of metal striking the ground, which turned out to be a gun. When the police finally apprehended defendant, he said "he just should have stopped . . . it was only a gun charge" and "if it weren't for the gun falling down [my] pant leg, [I] would not have been caught." Defendant also spontaneously told an officer, "Alright I had a gun . . . you got that."

The record concerning Indictment No. 11-02-00273 reflects that on October 26, 2010, police approached defendant and another man loitering in a high-crime area. The men began to walk away at a quickened pace. One officer saw defendant reaching into his waistband, which raised a suspicion that he was

armed. The police stopped defendant and patted him down. They discovered in his waistband forty-nine wax folds of heroin.

Defendant's former attorney thereafter negotiated plea agreements with the State covering both indictments. In February 2011, defendant pled guilty on Indictment No. 10-12-02733 to third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b). The plea was conditioned on the State recommending a sentence of probation and 220 days of confinement in the county jail. In April 2011, defendant pled guilty on Indictment No. 11-02-00273 to third-degree possession of heroin with intent to distribute. N.J.S.A. 2C:35-5(a)(1), (b)(3). The State, in exchange, agreed to recommend a sentence of probation and 220 days in the county jail, concurrent with the same terms of the disposition of the other indictment. All other counts were dismissed.

On April 5, 2011, defendant was sentenced in accordance with the plea agreements to a four-year probationary term and 220 days in the county jail. He did not appeal his convictions or sentence. Instead, he filed a PCR petition in May 2015, alleging that his former attorney deprived him of the effective assistance of counsel.

After considering oral argument, the trial court denied defendant's PCR petition, finding it without merit. The court issued a comprehensive twenty-one-page letter opinion on December 14, 2015 detailing its analysis.

On appeal, defendant now raises the following arguments in his brief:

> POINT ONE
>
> THE TRIAL COURT ERRED IN DENYING POST-CONVICTION RELIEF WITHOUT AFFORDING DEFENDANT AN EVIDENTIARY HEARING.
>
> A. Indictment No. 10-17-2733 [sic]
>    1. Failure to Investigate
>    2. The Factual Basis for the Plea
>    3. The Speedy Trial Issue
>
> B. Indictment No. 11-22-0273 [sic]
>    1. Failure to Investigate and Communicate
>    2. Failure to Move to Suppress the Evidence

Having duly considered these contentions, we affirm the denial of defendant's PCR petition, substantially for the cogent reasons expressed in the trial court's written opinion.

Defendant has not established a prima facie case that his former attorney was ineffective under the well-established standards of Strickland v. Washington, 466 U.S. 668 (1984). His "bald assertions" that his attorney failed to conduct an adequate investigation or should have filed a suppression motion

4

are unpersuasive and insufficient to warrant an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).

Despite the fact that defendant twice was essentially caught in the act of criminal behavior, his attorney negotiated a quite favorable plea. The plea agreement spared defendant exposure to more serious second-degree charges and a presumptive State prison term. In addition, we discern no merit to defendant's contentions that the factual basis for his guilty plea was inadequate or that he was deprived of a speedy trial due to the delay between his arrests and the indictments.

In sum, defendant's meritless arguments are not worthy of more extensive discussion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3103-16T2