**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4451-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ANDRE GRAVES-BYRD,
a/k/a ANDRE BYRD, and
ANDRE GRAVES,

     Defendant-Appellant.

_____

Submitted May 6, 2019 – Decided May 24, 2019

Before Judges Sabatino and Susswein.

On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 15-05-1217.

Joseph E. Krakora, Public Defender, attorney for appellant (David J. Reich, Designated Counsel, on the brief).

Gurbir S. Grewal, Attorney General, attorney for respondent (Regina M. Oberholzer, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Andre Graves-Byrd,[1] who pled guilty in 2016 to two counts of attempted murder and possession of a weapon for unlawful purposes, appeals the trial court's March 20, 2018 order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing.  We affirm.

The facts are largely undisputed.  Defendant admitted at his plea colloquy that in the early morning hours of October 25, 2014, he shot Hector Gonzalez and Shadaija Morgan as they were walking past a beauty supply store in Pleasantville.  Defendant fired a .45 caliber handgun at Gonzalez and Morgan multiple times, striking Morgan in the midsection, and Gonzalez in the stomach, arm, and leg.  Defendant also admitted that he fired the weapon at Morgan and Gonzalez with the intent to either kill them or cause them serious bodily harm.

The police report reflects that Morgan was conscious when officers arrived on scene and Morgan quickly identified defendant as the shooter. Morgan told detectives at the hospital that she and Gonzalez have a child together, but she had recently began "talking" and "hanging out" with defendant. Morgan informed the detectives, that shortly before the shooting, she saw defendant and his friend pull up to a convenience store she was at with Gonzalez.

---

[1]  Some of the documents in the record omit the hyphen of defendant's surname.

A-4451-17T1

According to defendant, as he went into the store he walked past Gonzalez, who supposedly "smirked" at him. Morgan and Gonzalez then left and began walking down the street. Thereafter, defendant and his friend got back in the car they had arrived in and drove out of the parking lot. After stopping at an intersection, defendant told his friend that he had to go to a friend's house, and got out of the vehicle. After getting out of the car, defendant walked through the rear of a building towards a parking lot, and waited on the side of a building for Gonzalez and Morgan to appear.

Defendant informed investigators that, as Morgan and Gonzalez walked by, he came out from the side of the building and fired several gunshots at them. After the shooting, defendant got back into the car and threw the weapon out of the passenger window.

In his post-arrest statement to detectives, defendant explained that he and Gonzalez had problems with one another before the shooting, because of defendant's relationship with Morgan. According to defendant, Gonzalez had broken the back window of defendant's car several days earlier, and had made threatening remarks about defendant to other people.

In May 2015 a grand jury returned an indictment against defendant concerning this incident. The indictment charged defendant with two counts of

first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1) and N.J.S.A. 2C:11-3(a)(1) (counts one and two); second-degree unlawful possession of a weapon N.J.S.A. 2C:39-5(b)(1) (count three); second-degree possession of a weapon for unlawful purposes, N.J.S.A. 2C:39-4(a)(1)(count four); and fourth-degree tampering with physical evidence, N.J.S.A. 2C:28-6(1) (count five). Plea negotiations ensued.

On April 12, 2016, defendant entered a guilty plea before Judge Bernard E. DeLury, Jr., P.J.Cr., on counts one, two, and four, with the State agreeing to dismiss the remaining counts. Pursuant to the plea agreement, the State recommended a fifteen-year sentence for counts one and two, with an 85% parole disqualifier pursuant to the No Early Release Act ("NERA"), N.J.S.A. 2C:43-7.2, plus a concurrent five-year term for count four, out of which defendant would have to serve three-and-a-half years.

On May 13, 2016, Judge DeLury sentenced defendant in accordance with the State's recommendation to the maximum custodial term of fifteen years, subject to NERA on counts one and two, and a concurrent term of five years on count four. The trial judge found aggravating factors three, N.J.S.A. 2C:44-1(a)(3) (the risk of committing another offense); six, N.J.S.A. 2C:44-1(a)(6) (the extent of prior criminal record); and nine, N.J.S.A. 2C:44-1(a)(9) (the need for

deterrence).  The judge did not find any mitigating factors.  The judge noted in the judgment of conviction that defendant had "sharply and dangerously" escalated his criminal conduct, which needed to be deterred.

Defendant did not appeal his conviction, but only appealed his sentence on the grounds that it was excessive.  Pursuant to Rule 2:9-11, an excessive sentencing panel of this court heard oral argument on September 21, 2016.  That same day, the panel issued an order affirming the sentence, but determining that count four should have been merged into the attempted murder convictions.  The court remanded the matter to the trial court to amend the judgment of conviction, which was accomplished.

Defendant filed a timely PCR petition in February 2017, which was subsequently amended in August 2017.

On February 15, 2018, Judge Benjamin Podolnick, J.S.C., heard oral argument on defendant's petition.  After considering oral argument, the judge denied the petition, finding it without merit.  The judge issued a letter opinion on March 20, 2018 detailing his analysis.

On appeal, defendant now raises the following argument:

> THE PCR COURT ERRED IN DENYING GRAVES-BYRD AN EVIDENTIARY HEARING CONCERNING HIS CLAIM OF INADEQUATE

ASSISTANCE IN CONNECTION WITH HIS SENTENCING.

Specifically, defendant alleges that his trial counsel: (1) failed to adequately counter at sentencing the State's argument for the application of aggravating factors three, six, and nine; and (2) cite to specific mitigating factors for the sentencing judge to consider. In particular, defendant contends that his trial counsel failed to argue mitigating factors three, N.J.S.A. 2C:44-1(b)(3) ("defendant acted under a strong provocation"); four, N.J.S.A. 2C:44-1(b)(4) ("there were substantial grounds tending to excuse or justify the defendant's conduct"); five, N.J.S.A. 2C:44-1(b)(5) ("the victim of the defendant's conduct induced or facilitated its commission"); and eight, N.J.S.A. 2C:44-1(b)(8) ("defendant's conduct was the result of circumstances unlikely to recur").

Defendant particularly criticizes his trial counsel's failure to discuss at sentencing his romantic involvement with Morgan, which allegedly resulted in friction between Gonzalez and defendant. Defendant emphasizes that several days before the shooting, his car window was broken – supposedly by Gonzalez – and that Gonzalez had made threatening remarks about defendant to third persons. Defendant also claims that when Gonzalez smirked at him at the convenience store, he felt threatened.

According to defendant, these indicia of animosity between defendant and the two victims would support mitigating factor three (defendant acted under a strong provocation), four (there were grounds to justify or excuse defendant's conduct), five (victims induced defendant), and eight (circumstances unlikely to recur).

It is well settled that under the Sixth Amendment of the United States Constitution, a person accused of crimes is guaranteed the effective assistance of legal counsel in his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish a deprivation of that right, a convicted defendant must satisfy the two-part test enunciated in Strickland by demonstrating that: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Ibid. See also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

When reviewing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy' will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105

N.J. at 54 (citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009).

Our review of an order granting or denying PCR often entails the consideration of mixed questions of law and fact. State v. Harris, 181 N.J. 391, 415-16 (2004). We will generally defer to a PCR court's factual findings and will uphold those findings that are "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013). However, a PCR court's interpretations of law are provided no deference and are reviewed de novo. Id. at 540-41.

Having duly considered defendant's contentions in light of these well-established standards, we affirm the denial of defendant's PCR petition, substantially for the cogent reasons expressed in Judge Podolnick's written opinion. We amplify only a few points.

Defendant's contention that his trial counsel was constitutionally deficient in not presenting mitigating factors at sentencing is belied by the record. While trial counsel did not specifically delineate each mitigating factor with reference to the statute, the sentencing transcript shows that counsel highlighted several points of arguable mitigation. These included: defendant's minimal criminal history, which included only one adult conviction, and no prior juvenile

dispositions; defendant's employment history and his recent participation in a masonry training program; and defendant's strong support network of family and friends, which was evidenced by the numerous family members who were present at the sentencing hearing. All of those are positive attributes were brought to the attention of the sentencing judge.

We recognize that counsel did not take advantage of the court's invitation to submit a written sentencing memorandum. However, that omission is not per se constitutionally deficient. Counsel capably pointed out these mitigating items in his oral presentation at the sentencing hearing.

Although defendant's trial counsel did not specifically mention the complicated relationship between the parties at the sentencing hearing, the prosecutor did reference the relationship between Morgan and defendant at the hearing. The relationship between defendant and the two victims is well documented in the record that was available to the sentencing judge. Indeed, defendant's statement to detectives contains the information that he alleges would have mitigated his sentence. The trial court was adequately informed about the history between defendant, Gonzalez, and Morgan. See State v. Blackmon, 202 N.J. 283, 297 (2010) (noting that "mitigating factors that are

suggested in the record, or are called to the court's attention, ordinarily should be considered and either embraced or rejected on the record.").

As Judge Podolnick rightly noted, even taking defendant's allegations as true – namely, that Gonzalez damaged his car and threatened him – defendant provides no evidence that would support how those actions would reasonably satisfy mitigating factors three (defendant acted under a strong provocation) and five (victim induced defendant's conduct). All of the actions that defendant alleges made him fearful happened days before the shooting. The only evidence that nominally supports defendant's claim that he was fearful of Gonzalez are his own self-serving statements made in his PCR petition. Indeed, defendant did not tell the detectives in his statement that he was fearful of Gonzalez.

Moreover, although defendant in his allocution at sentencing apologized for "wasting [the trial court's] time and the court's time" and requested to be "given another chance to prove that I'm not as bad of a person as [been] seen," he did not tell the court that his actions were the result of provocation, or otherwise mention any alleged fear of Gonzalez.

Notably, there was no altercation, either physical or verbal, between defendant and Gonzalez when they saw each other at the convenience store moments before the shooting. According to defendant's own statement to police,

Gonzalez merely "smirked" at defendant as he walked past him in store. A competent defense attorney could reasonably conclude that it would not be fruitful to argue that a smirk was so provoking that it would justify defendant to hide behind a building and fire a gun not only at Gonzalez, but also at Morgan, who had done absolutely nothing to cause fear that might reasonably provoke gun violence. If trial counsel had highlighted the animosity between defendant and his victims, doing so might have undermined a claim of provocation and instead shown that his actions were premeditated. Hence, the alleged omission was within the zone of counsel's discretion as an advocate.

We further agree with Judge Podolnick that defendant's arguments about mitigating factor four (grounds tending to excuse or justify defendant's conduct) and eight (circumstances unlikely to recur) are unconvincing. Regarding mitigating factor four, defendant has not specified what circumstances he believes "tend[s] to excuse to justify" his conduct.[2] The applicability of

_____

[2] In defendant's original PCR petition, he argued that at the time of the shooting he had a long history of drug and alcohol abuse, which he contended "both justif[ies] and somewhat excuse[s] [his] actions and conduct." However, it is unclear if defendant adopts the same position on appeal because it is not discussed in his appellate brief, nor has defendant pointed to any evidence in the appellate record that would support his allegation. It is well-established that bare allegations are an insufficient basis for relief. State v. Cummings, 321 N.J. Super. 154, 168 (App. Div. 2010).

11

mitigating factor eight is contradicted by defendant's own criminal record. As Judge DeLury noted in his comments at sentencing, defendant's prior adult conviction was for the unlawful possession of a weapon. By defendant's own admission, he possessed a weapon on the night in question and used it to shoot Morgan and Gonzalez. We concur with Judge DeLury's conclusion that defendant's instant offenses indicates that his "criminality is escalating sharply and dangerously."

Having concluded Strickland's first prong of deficient attorney performance was not met here, we briefly address the second prong of Strickland. We agree with Judge Podolnick that defendant has failed to demonstrate how any alleged deficiency resulted in a prejudice that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Fritz, 105 N.J. at 52.

As we have noted, Judge DeLury imposed a fifteen-year term in accordance with the negotiated plea agreement. See, e.g., State v. Fuentes, 217 N.J. 57, 70 (2014) ("A sentence imposed pursuant to a plea agreement is presumed to be reasonable"). Defendant has failed to submit any evidence that would support his claim that he would have received a lesser sentence had his trial counsel gone into greater detail about the history between defendant and

12

the two victims. As Judge Podolnick noted, trial counsel negotiated a very favorable plea agreement, considering defendant was otherwise facing two counts of attempted first degree murder, as well as numerous other charges.

In sum, defendant has failed to establish a prima facie claim of ineffective assistance of counsel. Defendant fails to "overcome [the] strong presumption that counsel rendered reasonably professional assistance." State v. Parker, 212 N.J. 269, 279 (2012). Accordingly, the PCR court properly denied defendant's PCR petition without an evidentiary hearing. R. 3:22–10(b). Any arguments presented by defendant that we have not already covered lack sufficient merit to be discussed in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4451-17T1