**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2369-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

BILLY BALISAGE,

      Defendant-Appellant.

_____

Submitted June 4, 2019 - Decided June 28, 2019

Before Judges Hoffman and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 98-03-0310.

Joseph E. Krakora, Public Defender, attorney for appellant (Dianne Glenn, Designated Counsel, on the brief).

Jennifer Davenport, Acting Union County Prosecutor, attorney for respondent (Carlos Paul Morrow, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Seeking to avoid deportation nearly seventeen years after his conviction of possession of controlled dangerous substances (CDS) with intent to distribute, defendant Billy Balisage appeals from an August 25, 2017 Law Division order denying his petition for post-conviction relief (PCR). He claims he received ineffective assistance of counsel when he pleaded guilty in 1998 because his plea counsel did not advise him that he would be deported. He further seeks to withdraw his guilty plea. The PCR judge determined that the petition was time-barred, and the facts surrounding his offense lacked "any colorable claim of innocence" to warrant the withdrawal of his plea. For the reasons that follow, we affirm.

I.

In 1998, a Union County grand jury indicted defendant, a citizen of Haiti, and a co-defendant on charges including possession of CDS (cocaine), with intent to distribute, N.J.S.A. 2C:35-10(a)(1), N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(3), and possession of marijuana with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and N.J.S.A. 2C:35-5(b)(12).

The same year, with the advice of counsel, defendant accepted a plea offer, in accordance with N.J.S.A. 2C:35-12, agreeing to testify against his co-defendant in exchange for a term of 120 days imprisonment, and probation. On

his plea form, defendant circled "N/A" in response to question seventeen, which asked: "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?"

At his plea hearing,[1] defendant stated he had an eleventh grade education, and could read and write English. He confirmed that he "read and underst[ood] the questions" in the plea form, "answer[ed] the questions truthfully," and was able to speak to his attorney regarding "any questions about what [he was] charged with, and/or what was on th[e] form." He further affirmed that he signed the plea "form after going over [it] with [his] lawyer."

By the time of the second day of defendant's plea hearing, his co-defendant had already pleaded guilty; nevertheless, defendant went forward with his plea. At the hearing, defendant recounted that on November 19, 1997, he was "on the corner of Jefferson and Anna" in Elizabeth, when he walked toward a "backyard where they had drugs," and when he "came back there was a cop." He admitted the drugs were his, that it was cocaine, and he had "the intent to sell it to other people." The judge accepted defendant's plea, finding it

---

[1] The first part of the plea hearing was on September 21, 1998; it was adjourned until October 13, 1998.

A-2369-17T3

voluntary, intelligent, and "with a full understanding of the nature and consequences of the [p]lea."

On January 15, 1999, the court sentenced defendant to the recommended 120 days of imprisonment, and three years of probation. On December 7, 2001, the court extended defendant's probation for another year after he pleaded guilty to violating his probation by possessing CDS with intent to distribute. On May 20, 2013, the court entered another judgment of conviction against defendant, after he pleaded guilty to another drug charge. Defendant received a 364 day term of imprisonment for that conviction.

On January 4, 2016, almost seventeen years after his original plea and conviction, defendant filed the PCR petition under review. In the petition, defendant certified that his counsel did not warn him of the immigration consequences that came with his plea. He further asserted his counsel did not discuss or go over the plea, did not discuss discovery, and failed to argue the distribution charge. His brief before the PCR court added, "It was not until 2013[] that [defendant] became aware that there was a[n] Immigration and Customs Enforcement (ICE) detainer against him because of his guilty plea to this offense," and therefore he "was not aware of the immigration consequences of his guilty plea until after 2013, when he was arrested and detained" by ICE

officials. The brief asserts that after his arrest, he filed his pro se petition for PCR.

In June 2016, defendant filed a certification stating that he was "in ICE [d]etention awaiting deportation." He further stated he "was not aware of the immigration consequences until sometime [in] July 2015 when [he] was taken to ICE detention"; this contradicts his brief before the PCR court, which stated multiple times that he was on ICE detainer in 2013. At oral argument before the PCR court, defendant's counsel contended defendant did not learn "until after 2013 . . . . of the ICE detainer[,] and he then learned of his attorney's possible ineffectiveness . . . ." Twice thereafter, defendant's counsel stated defendant "didn't learn" and "didn't know" about his possible deportation and ICE detainer "until 2013." His counsel later acknowledged that the "point in time in which [defendant] learned of th[e] possible deportation was . . . 2013." Defendant's brief on appeal concedes he was in contact with ICE officials in 2013, but notes ICE did not arrest him until 2015. The record lacks documentation to support any of these assertions.

After oral argument, the PCR judge issued a written opinion denying defendant's petition. The judge found defendant's petition to be time-barred under both Rule 3:22-12(a)(1), which sets a five-year time limitation after entry

of a judgment of conviction to file a PCR petition, and Rule 3:22-12(a)(1)(B), which provides for a one-year limitation period after defendant discovers a previously unknown factual predicate justifying relief from the conviction. Specifically, the judge found it "clear that . . . defendant did not file" his petition "until well beyond the five-year period established" by Rule 3:22-12(a)(1). He also found the petition failed to meet the one-year limitation of Rule 3:22-12(a)(1)(B), as "defendant did not file a petition until approximately three years after he learned of the deportation consequences of his [1999] conviction . . . ." The judge noted "[t]here is no explanation in the record as to why defendant waited until 2016 . . . to file his [petition for] PCR."

The PCR judge then considered whether defendant established a reason under the factors set forth in State v. Mitchell, 126 N.J. 565, 576 (1992), to relax the applicable time bars. He found the State would be prejudiced in having "to try and find officers, witnesses, and evidence for a case" almost twenty years later. The judge further found that the "extent and cause of th[is] delay" would bring an "obvious prejudice to the State." The judge then found "little to support a conclusion that there is a reasonable probability that if . . . defendant's factual assertions were found to be true, enforcement of the time bar would result in a fundamental injustice." Finally, the judge found there was no "excusable

6

neglect because of the three-year delay [in filing his petition] after learning of his deportation issue."

On appeal, defendant makes the following arguments:

POINT I
THE PCR COURT ERRED IN DETERMINING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WAS TIME-BARRED AND EXCUSABLE NEGLECT OR EXCEPTIONAL CIRCUMSTANCE[S] WERE NOT APPLICABLE PURSUANT TO RULE 3:22-12(A)(1) BECAUSE, ALTHOUGH DEFENDANT WAS SENTENCED ON JANUARY 15, 1999, THE COLLATERAL DEPORTATION CONSEQUENCES W[ERE] NOT RIPE UNTIL AFTER DEFENDANT WAS ARRESTED BY IMMIGRATION AND CUSTOMS ENFORCEMENT IN 2015 AND THE PETITION WAS SUBMITTED WITHOUT DELAY.

POINT II
THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING AS THERE ARE FACTS OUTSIDE THE RECORD THAT SUPPORT DEFENDANT'S INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM.

POINT III
THE PCR COURT ERRED IN DENYING DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY PLEA, AS THE FOUR FACTORS OF STATE V. SLATER WEIGHED HEAVILY IN HIS FAVOR.

7

II.

A.

PCR is New Jersey's analogue to the federal writ of habeas corpus.  State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).  It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal and, therefore, ensures that a defendant was not unjustly convicted.  State v. McQuaid, 147 N.J. 464, 482 (1997) (citation omitted).

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987).  "First, the defendant must show . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment."  Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687).  Defendant must then show counsel's deficient performance prejudiced the defense.  Ibid.  To show prejudice, defendant must establish by "a reasonable probability" that the deficient performance "materially contributed to defendant's conviction . . . ."  Id. at 58.

The denial of an evidentiary hearing for a PCR petition is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013). However, reviewing courts "may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014).

"If a claim of ineffective assistance follows a guilty plea, the defendant must prove counsel's constitutionally deficient representation and also 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Brewster, 429 N.J. Super. at 392 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

B.

Defendant contends the PCR court erred in declaring his petition time-barred, asserting his grounds for filing the PCR were "not ripe until he was arrested in 2015 and deportation proceedings began." Defendant argues:

> The [PCR] court determined that defendant was aware of the deportation consequences in 2013 but waited until 2016 to file his petition. It is not clear from the record exactly what the ICE agent told defendant or exactly what date the interview even took place in 2013.

A defendant may file a PCR petition for the first time within the one-year period set forth in Rule 3:22-12(a)(2)(b). The one-year clock begins on "the

date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence." R. 3:22-12(a)(B).

Here, the alleged factual predicate is the initial discovery that defendant was subject to deportation proceedings as a result of his 1999 conviction. Throughout his PCR proceedings, defendant failed to specify or document the events that occurred between him and ICE officials in 2013 and 2015. The only consistency is his continued acknowledgement that he was in contact with ICE officials beginning in 2013. The record lacks any credible support for defendant's claim he was ignorant of his eligibility for deportation during his contacts with ICE officials in 2013. We conclude that this factual predicate was either known, or at least discoverable in 2013 through the exercise of reasonable diligence; defendant offers only "bald assertions" without any support to the contrary. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). In sum, we conclude that the trial court correctly dismissed defendant's PCR petition as untimely filed.

Defendant's remaining contentions – including his arguments that his ineffective assistance of counsel claim warranted an evidentiary hearing, and

that the PCR court erred in denying his motion to withdraw his guilty plea – lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2369-17T3