**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1590-17T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

GREGORY WILLIAMS, a/k/a
GREG WILLIAMS, KAREEM
WILLIAMS, and GREGORY
WILLIIAMS,

      Defendant-Appellant.

_____

Submitted February 27, 2019 – Decided August 26, 2019

Before Judges Alvarez and Nugent.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 08-12-1023.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (Frank Lawrence Valdinoto, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant, Gregory Williams, appeals from an order that denied without an evidentiary hearing his petition for post-conviction relief (PCR). On appeal, he presents a single argument:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR NOT CROSS-EXAMINING THE VICTIM REGARDING HIS "CROSS-RACIAL" IDENTIFICATION.

We affirm.

Following a trial that culminated when a jury convicted defendant of first-degree armed robbery, N.J.S.A. 2C:15-1, and two weapons offenses, the court sentenced defendant on the robbery count to an extended prison term of forty-two years subject to the No Early Release Act, N.J.S.A. 2C:43-7.2. The court merged one of the weapons counts and sentenced defendant on the remaining count, fourth-degree unlawful possession of a weapon, a knife, N.J.S.A. 2C:39-5(d), to a concurrent eighteen-month prison term.

We affirmed defendant's convictions and sentence on direct appeal. State v. Williams, No. A-4562-11 (App. Div. June 4, 2015) (certif. denied, 223 N.J. 355 (2015)). Five months after the Supreme Court denied certification, defendant filed the PCR petition that is the subject of this appeal.

In our decision affirming defendant's convictions and sentence on direct appeal, we recounted this action's procedural history and the proofs the parties presented at trial. There is no need to repeat them here in their entirety. Relevant to this appeal, the victim, a Hispanic male, and an eyewitness, a black male, identified defendant, who is black, as the person who approached the victim on a street corner and robbed him at knifepoint. Defendant contends his trial counsel was ineffective because he did not cross-examine the victim about the victim's "cross-racial" identification. Specifically, defendant argues:

> A defendant may be entitled to a special instruction regarding "cross-racial" identifications when the defendant and the witness are of different races. State v. Cromedy, 158 N. J. 112, 132 (1999). Here, the trial court included such an instruction in its jury charge . . . . However, trial counsel, for some inexplicable reason, failed to cross-examine, the victim regarding his "cross-racial" instruction . . . , thereby effectively negating the salutary impact of the instruction.

"A petitioner must establish the right to [post-conviction] relief by a preponderance of the credible evidence." State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the petitioner must set forth specific facts that "provide the court with an adequate basis on which to rest its decision[.]" State v. Mitchell, 126 N.J. 565, 579 (1992).

3

To establish a PCR claim that trial counsel was constitutionally ineffective, a defendant must prove two elements: first, that "counsel's performance was deficient," that is, "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 687, 694 (1984); accord State v. Fritz, 105 N.J. 42, 58 (1987). To prove the first element, a defendant must "overcome a strong presumption that counsel exercised reasonable professional judgment and sound trial strategy in fulfilling his responsibilities." State v. Nash, 212 N.J. 518, 542 (2013) (citation omitted). To prove the second element, a defendant must demonstrate "how specific errors of counsel undermined the reliability of the finding of guilt." United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Whether a PCR hearing on an ineffective assistance of counsel petition is necessary is a matter within the court's discretion. See Preciose, 129 N.J. at 462; see also R. 3:22-10(b) ("A defendant shall be entitled to an evidentiary hearing only upon the establishment of a prima facie case in support of post-conviction relief, a determination by the court that there are material issues of

A-1590-17T3

disputed fact that cannot be resolved by reference to the existing record, and a determination that an evidentiary hearing is necessary to resolve the claims for relief.").

We affirm, substantially for the reasons expressed by Judge William A. Daniel in his decision denying defendant's PCR petition. Defendant's bald, speculative assertions are insufficient to establish a prima facie case of ineffective assistance of counsel. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Having failed to establish a prima facie case, defendant was not entitled to an evidentiary hearing. Preciose, 129 N.J. at 462.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION