# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1085-18T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WENDELL JOHNSON, a/k/a
LAMAR HILL,

     Defendant-Appellant.

_____

Submitted November 6, 2019 – Decided December 2, 2019

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Accusation No. 99-03-0106.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura C. Sunyak, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant Wendell Johnson appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

Defendant pled guilty to third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a). On April 30, 1999, defendant was sentenced to a five-year probationary term. Two years later, defendant was tried and convicted of robbery and weapons offenses, resulting in a violation of probation (VOP). On October 5, 2001, the trial court resentenced defendant to a four-year term of imprisonment on the VOP,[1] consecutive to an aggregate eighteen-year term of imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, imposed on the armed robbery offenses.

Defendant timely filed a PCR petition for the armed robbery offenses on January 17, 2006. That petition and a second petition, filed on July 27, 2011 were denied by the trial court.

On May 30, 2013, defendant filed the present PCR petition, claiming his plea counsel was ineffective. Appointed counsel then filed a supplemental brief. The following year, defendant's newly-retained private counsel filed a

---

[1] An amended judgement of conviction was not included on appeal.

second supplemental brief claiming, among other things, defendant was intoxicated during his plea allocution.  In April 2018, Judge Ronald Susswein held oral argument on defendant's PCR claims.  Another appointed attorney represented defendant at the hearing.  Defendant, who had been released from custody, was noticed of the hearing, but failed to appear.  Following oral argument, Judge Susswein issued a written decision, finding defendant's application both time-barred and without merit.

On appeal, defendant raises the following points[2] for our consideration:

> POINT ONE
>
> THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING BECAUSE TESTIMONY IS NEEDED REGARDING WHY THE TRIAL COURT AND PLEA COUNSEL ALLOWED DEFENDANT TO TESTIFY WHILE UNDER THE INFLUENCE OF VARIOUS ILLEGAL SUBSTANCES.
>
> POINT TWO
>
> DEFENDANT'S [PCR] COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN FAILING TO REQUEST AN ADJOURNMENT OF ORAL ARGUMENTS BECAUSE DEFENDANT

---

[2] Defendant also filed a one-page pro se supplemental brief.  It is difficult to discern the arguments he raises, although they appear to involve legal challenges to the assistant prosecutor's authorization to sign the plea forms.  The issues are not appropriate for post-conviction relief, Rules 3:22-3 and -4, and otherwise lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

A-1085-18T2

WAS NOT PRESENT AT THE HEARING AND A REASON WAS NOT PROVIDED.
(Not raised below)

We find insufficient merit in these arguments to warrant extended discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons contained in the thorough and comprehensive written decision of Judge Susswein. We add only the following brief comments.

We agree with Judge Susswein that defendant's PCR petition is time-barred. Rule 3:22-12 requires a PCR petition to be filed within five years of the judgment of conviction unless excusable neglect can be shown. Defendant's petition was filed on May 30, 2013, more than fourteen years after the original judgment of conviction. Such a lengthy delay increases the already substantial burden to show excusable neglect and that a fundamental injustice will result. See State v. Afanador, 151 N.J. 41, 52 (1997) (recognizing "the burden to justify filing a petition after the five-year period will increase with the extent of the delay").

Defendant blames his delay on his plea counsel's ineffectiveness. As the PCR judge recognized, however, "[t]hat contention is belied by the fact that [defendant] has filed two [PCR] petitions [on the armed robbery convictions]

within the required time periods, indicating to [the] [c]ourt that he understood the procedures and time restrictions that apply to PCR petitions."

Even though Judge Susswein correctly found defendant's petition procedurally barred, he considered the merits of each of defendant's arguments in the petition. His conclusion that defendant failed to meet either the performance or prejudice prong of the Strickland test,[3] and failed to satisfy the Slater factors[4] to withdraw his guilty plea, is adequately supported in the record.

For the first time on appeal, defendant contends PCR counsel was ineffective for arguing his petition in his absence. He argues, in the absence of a previously-filed sworn statement "alleg[ing] facts sufficient to demonstrate counsel's alleged substandard performance[,]" see, e.g., State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), that he could have furthered his excusable neglect argument if he had been present at the hearing.

_____

[3] Strickland v. Washington, 466 U.S. 668, 687 (1984) (holding that to obtain PCR based on ineffective assistance grounds, a defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial).

[4] State v. Slater, 198 N.J. 145, 157-58 (2009) (requiring the court to balance four factors when deciding whether to vacate a guilty plea, i.e.: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused").

As we have recognized, however, "issues not raised below, even constitutional issues, will not ordinarily be considered on appeal unless they are jurisdictional in nature or substantially implicate public interest." State v. Walker, 385 N.J. Super. 388, 410 (App. Div. 2006). Here, because neither interest is implicated and the record is insufficient to permit the adjudication of this belated challenge, we decline to consider this argument. See State v. Robinson, 200 N.J. 1, 21 (2009); see also R. 3:22-4.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION