**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3489-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ROY DEPACK,
a/k/a ROY DEPACK JR.,
ROY JOHN DEPACK,
RAY SORIANO,
MICHAEL A. DEPACK,
and DENNIS DEPACK,

     Defendant-Appellant.

_____

Submitted May 11, 2020 – Decided July 8, 2020

Before Judges Ostrer and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 12-04-0693.

Joseph E. Krakora, Public Defender, attorney for appellant (Joseph Anthony Manzo, Designated Counsel, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Stephanie Davis Elson, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant, Roy DePack, appeals from the February 15, 2019 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. After reviewing the record in light of the applicable legal principles, we affirm substantially for the reasons set forth in the PCR court's written opinion.

Defendant raises the following contentions for our consideration:

POINT I

BECAUSE DEFENSE COUNSEL WAS INEFFECTIVE BY NOT EXPLAINING TO THE DEFENDANT THE FULL LEGAL CONSEQUENCES OF HIS PLEA TO ISSUING A BAD CHECK, THE COURT ERRED IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING.

POINT II

BECAUSE THE PETITIONER MADE A PRIMA FACIE SHOWING OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, THE COURT MISAPPLIED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF WITHOUT CONDUCTING A FULL EVIDENTIARY HEARING.

The PCR court's opinion recounts the relevant facts, and they need not be repeated at length in this opinion. Defendant pled guilty to passing bad checks, in violation of N.J.S.A. 2C:21-5, in connection with a scheme to defraud the victim of several thousand dollars. He was sentenced in accordance with a plea agreement to a two-year term of noncustodial probation.

At the time of sentencing, defendant was already on supervised release for a federal wire fraud conviction. The term of probation for his bad check conviction was ordered to run concurrently with his federal supervised release. Defendant now contends that his trial counsel rendered ineffective assistance by failing to explain to him that he would be required to report simultaneously to two separate probation authorities. He claims that he would not have pled guilty had he known that he would be subjected to the burden of dual reporting.

We begin our analysis by acknowledging the legal principles that govern this appeal. Post-conviction relief serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. Ibid. (citations omitted). The defendant must allege and articulate specific facts that "provide

the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

Both the Sixth Amendment of the United States Constitution and Article 1, paragraph 10 of the State Constitution guarantee the right to effective assistance of counsel at all stages of criminal proceedings. Strickland v. Washington, 466 U.S. 668, 686 (1984) (citing McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)); State v. Fritz, 105 N.J. 42, 58 (1987). To establish a violation of the right to the effective assistance of counsel, a defendant must meet the two-part test articulated in Strickland. Fritz, 105 N.J. at 58. "First, the defendant must show that counsel's performance was deficient. . . . Second, the defendant must show that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687.

To meet the first prong of the Strickland test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." Ibid. Reviewing courts indulge in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689.

The second prong of the Strickland test requires the defendant to show "that counsel's errors were so serious as to deprive the defendant of a fair trial,

a trial whose result is reliable." Strickland, 466 U.S. at 687. Counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different than if counsel had not made the errors. Id. at 694.

This assessment is necessarily fact-specific to the context in which the alleged errors occurred. For example, when, as in this case, a defendant seeks "[t]o set aside a guilty plea based on ineffective assistance of counsel, a defendant must show . . . 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nunez-Valdez, 200 N.J. 129, 139 (2009) (first alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994) (second alteration in original)). Defendant must also show doing so "would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010).

A defendant may prove that an evidentiary hearing is warranted to develop the factual record in connection with an ineffective assistance claim. Preciose, 129 N.J. at 462–63. The PCR court should grant an evidentiary hearing when (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel, (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the

claims for relief.  Id. at 462; R. 3:22-10(b).  "[C]ourts should view the facts in the light most favorable to a defendant to determine whether a defendant has established a prima facie claim."  Id. at 462–63.

To meet the burden of proving a prima facie case, a defendant must show a reasonable likelihood of success under the Strickland test.  Preciose, 129 N.J. at 463.  Importantly for purposes of this appeal, "[i]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that [he or she] was denied the effective assistance of counsel."  State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999).  The petitioner must allege specific facts sufficient to support a prima facie claim.  Ibid.  Furthermore, the petitioner must present these facts in the form of admissible evidence.  In other words, the relevant facts must be shown through "affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification."  Ibid.

Applying these foundational principles, we conclude defendant's contentions lack sufficient merit to warrant extensive discussion.  As the PCR court noted, the record clearly shows that defendant was properly advised that the state and federal sentences would be served concurrently.  We do not believe that defense counsel was obligated under the Sixth Amendment to further explain the reporting procedures of probation in the context of his ongoing

supervised release responsibilities.[1]  Counsel was not required, in other words, to advise defendant that there would be dual reporting.  Defendant has thus failed to show that counsel's performance in this regard fell below the range of reasonable assistance.  Strickland, 466 U.S. at 687.

Even if we were to assume that counsel's advice with respect to the State's plea offer somehow was constitutionally deficient, defendant has not suffered prejudice within the meaning of the second Strickland prong.  466 U.S. at 694.  We reject the notion that having to report simultaneously to two different probation-type authorities constitutes prejudice for purposes of Strickland analysis.  Relatedly, it strains credulity that defendant would have rejected such a favorable plea bargain on the grounds that he would have to report to two separate supervision authorities.  That decision would have been objectively unreasonable.  Thus, we conclude there is no reasonable probability that defendant would have rejected the plea agreement offered to him based upon the

---

[1]  The level and periodicity of reporting conditions imposed by a probation department is vested in the agency's discretion.  The frequency of reporting, moreover, can change over the term of probation reflecting a probationer's progress in rehabilitation.  Accordingly, there is no way a defense attorney can know at the time of a plea hearing how often or by what means a client will have to report to his or her probation officer.

A-3489-18T1

inconvenience of abiding by dual reporting obligations. Nunez-Valdez, 200 N.J. at 139 (citing DiFrisco, 137 N.J. at 457).

We note that in 2017, defendant was charged yet again by federal prosecutors with wire fraud. We appreciate that defendant is highly motivated in his current petition to vacate his state law fraud conviction to avoid enhanced punishment under the Federal Sentencing Guidelines. The determination of the likelihood that a defendant would reasonably have rejected a plea offer had it not been for counsel's ineffective assistance, however, is measured at the time of the guilty plea, not years later after defendant is charged with a new crime.[2]

In sum, even viewing the defendant's factual assertions in the light most favorable to him, he has failed to establish a prima facie case sufficient to warrant an evidentiary hearing, much less to vacate his guilty plea. To the extent we have not addressed them, any other arguments raised by defendant in this appeal lack sufficient merit to warrant discussion. R. 2:11-3(e)(2).

---

[2] In his PCR petition, defendant argued that his trial counsel was ineffective by failing to advise him that he could face enhanced punishment were he to be convicted of a future federal crime. The PCR court swiftly and properly rejected that contention. See State v. Wilkerson, 321 N.J. Super. 219, 227 (App. Div. 1999) (holding there is no constitutional requirement that a defense attorney must advise a client that if he or she commits future criminal offenses there may be adverse consequences by way of enhancement of punishment).

A-3489-18T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

9