# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2258-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHERMAN MILLER, a/k/a
SHERMAN HAMPTON,
and SHERMAN MILLER,

     Defendant-Appellant.

_____

Submitted December 1, 2021 – Decided December 28, 2021

Before Judges Gilson and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 17-01-0026.

Joseph E. Krakora, Public Defender, attorney for appellant (Suzannah Brown, Designated Counsel, on the brief).

Cary Shill, Acting Atlantic County Prosecutor, attorney for respondent (Mario C. Formica, Special Deputy Attorney General/Acting Deputy First Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from the January 29, 2021 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant raises the following single point for our consideration:

> THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AN EVIDENTIARY HEARING ON THE CLAIM THAT TRIAL COUNSEL WAS INEFFECTIVE AT SENTENCING

We disagree and affirm.

On January 4, 2017, defendant was charged in a twelve-count indictment with first-degree endangering the welfare of a child by permitting a child to engage in pornography, N.J.S.A. 2C:24-4(b)(3) (count one); third-degree possession or viewing of child pornography, N.J.S.A. 2C:24-4b(5)(b) (count two); seven counts of third-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1) (counts three to nine); third-degree showing obscene material to a minor, N.J.S.A. 2C:34-3(b)(2) (count ten); third-degree failure to notify law enforcement of access to or use of a computer as required under Megan's Law, N.J.S.A. 2C:7-2(d)(2) (count eleven); and third-degree failure to notify law enforcement of a change of address as required under Megan's Law, N.J.S.A. 2C:7-2(d)(1) (count twelve).

On February 28, 2017, defendant entered a negotiated guilty plea to count one. At the plea hearing, defendant admitted that between December 20 and 25, 2015, he contacted a minor through a social media application and persuaded the child to engage in a sexual act, which she filmed and shared with defendant. On May 12, 2017, defendant appeared for sentencing. After reviewing the pre-sentence report (PSR) with her client, defense counsel told the judge "[t]he biographical information" was "substantially accurate," but defendant did not "adopt the State's version of the facts." Defense counsel made no additional arguments at sentencing. In turn, the prosecutor clarified that although the PSR indicated there was only one "actual confirmed victim," in fact, "[t]here were eight confirmed victims." The prosecutor also noted that despite having previously been incarcerated at Avenel, defendant "seem[ed] to be compelled to engage in this type of behavior" as evidenced by the fact that "there were actually [forty] children [to] whom [defendant] was sending unsolicited photographs of his genitalia, as well as videos of himself masturbating."

The judge sentenced defendant to twelve years' imprisonment, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, parole supervision for life (PSL), N.J.S.A. 2C:43-6.4, and Megan's Law compliance in accordance with the plea agreement. In imposing the sentence, the judge found aggravating

factors three, six, and nine. See N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses"); and N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law").

In support, the judge relied on defendant's prior criminal history, consisting of five indictable and five disorderly persons convictions. She also pointed out that defendant had been subject to Megan's Law registration requirements "since 1995." Notably, defendant's prior indictable convictions include aggravated sexual assault and endangering the welfare of a child. The judge also "examine[d] the record for evidence of [m]itigating [f]actors" but found none. In that regard, the judge noted defendant was "divorced" with "three children" but "in arrears in child support in the amount of $10,734." The judge also stated although defendant "report[ed] having a GED," he had "no history of stable employment" and "a history of the abuse of illegal drugs" despite past "treatment for substance abuse disorder." The judge concluded "the [a]ggravating [f]actors preponderate[d]" given "their quality and nature" coupled with the absence of any mitigating factors.

A-2258-20

Defendant did not file a direct appeal. Instead, he filed a pro se PCR petition seeking a sentence reduction, asserting "he was not afforded fair representation." After he was assigned PCR counsel, defendant argued he received ineffective assistance of counsel (IAC) because his attorney failed to argue at sentencing that mitigating factors four and eleven applied. See N.J.S.A. 2C:44-1(b)(4) ("[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense"); N.J.S.A. 2C:44-1(b)(11) ("[t]he imprisonment of the defendant would entail excessive hardship to the defendant or the defendant's dependents"). In support, defendant asserted his troubled upbringing and underlying psychological issues resulting from his placement in fifty-six different foster homes and enduring physical abuse by his father supported mitigating factor four. Further, according to defendant, mitigating factor eleven applied because he has a son who was born with down syndrome.

Following oral argument, Judge Patricia M. Wild, who was also the sentencing judge, entered an order on January 29, 2021, denying defendant's petition. In an oral opinion, the judge reviewed the factual background and procedural history of the case, applied the governing legal principles, and concluded defendant failed to establish a prima facie case of IAC. Specifically,

the judge found defendant failed to show by a preponderance of the credible evidence that counsel's performance fell below the objective standard of reasonableness set forth in <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in <u>State v. Fritz</u>, 105 N.J. 42, 49-53 (1987).

Further, the judge found defendant failed to show that the outcome would have been different without the purported deficient performance as required under the second prong of the <u>Strickland</u>/<u>Fritz</u> test.  <u>See</u> <u>State v. DiFrisco</u>, 137 N.J. 434, 456 (1994) (applying the <u>Strickland</u> test "to challenges of guilty pleas based on [IAC]" (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 58 (1985))); <u>see also</u> <u>State v. Gaitan</u>, 209 N.J. 339, 350 (2012) ("With respect to both prongs of the <u>Strickland</u> test, a defendant asserting [IAC] on PCR bears the burden of proving his or her right to relief by a preponderance of the evidence.").  The judge also concluded defendant was not entitled to an evidentiary hearing.  <u>See</u> <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997) ("[I]n determining the propriety of an evidentiary hearing, the PCR court should ascertain whether the defendant would be entitled to post-conviction relief if the facts were viewed 'in the light most favorable to defendant.'" (quoting <u>State v. Preciose</u>, 129 N.J. 451, 463 (1992))).

Specifically, in her lengthy oral opinion, the judge pointed out that defendant failed to submit a "supporting affidavit or certification to support [his] factual assertions" and "[i]nstead . . . merely cite[d] to the [PSR] to allude to his troubled upbringing." Thus, according to the judge, defendant's "bald assertions" were insufficient to establish a prima facie claim for PCR. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) ("[I]n order to establish a prima facie claim, a petitioner must do more than make bald assertions that he was denied the effective assistance of counsel.").

Moreover, in addressing the merits of defendant's arguments, the judge acknowledged that while defense counsel "did not advocate for mitigating factors four and eleven, the record reflect[ed] th[e c]ourt reviewed the relevant evidence for mitigating factors" and "would not have modified the sentence . . . even if [defense counsel] had urged those [factors] upon th[e c]ourt," given the preponderance of aggravating factors to which the court accorded "substantial weight." See State v. Hess, 207 N.J. 123, 154 (2011) (explaining that "the failure to present mitigating evidence or argue for mitigating factors was [IAC] - even within the confines of the plea agreement" when "the sentencing court was deprived of information and arguments that might well have led it to impose a lesser term").

A-2258-20

In that regard, the judge explained:

> With regard to mitigating factor four it's difficult to imagine how a troubled upbringing would tend to excuse a fifty-year-old from sending forty-one nude photos or videos of himself to females ranging in age from nine years old to sixteen years old including a video of himself. It's very difficult and without some sort of a psychological evaluation the [c]ourt would never have found mitigating factor four even if [defense counsel] had stood up in front of me and advocated for that and I certainly don't have a basis for it on the basis of this submission.

> As to factor eleven, it's also difficult to imagine how his incarceration would entail an excessive hardship to his dependents when at the time of the sentencing he had an active child support warrant . . . with respect to his only dependent son who lives in Puerto Rico and he owes $10,734 in child support . . . . Not being able to pay child support when you haven't paid it in the past anyway . . . just doesn't rise to that level and I think it's really specious for anybody to rely upon saying that I have a child affected by [d]own's syndrome who lives in Puerto Rico who's going to be excessively affected by the hardship by my being in prison.

On appeal, defendant renews the arguments rejected by Judge Wild, arguing his "petition established a prima facie case of [IAC] due to trial counsel's failure . . . at sentencing . . . to present evidence and argue in support of applicable mitigating factors" and "[a] fair resolution of th[e] claim required a testimonial hearing." After reviewing the record de novo, and the decision to

8

deny an evidentiary hearing under an abuse of discretion standard, we conclude Judge Wild thoroughly and accurately addressed defendant's contentions, and the arguments are without sufficient merit to warrant further discussion here. R. 2:11-3(e)(2); see State v. Blake, 444 N.J. Super. 285, 294 (App. Div. 2016) ("[W]here . . . no evidentiary hearing was conducted, we may review the factual inferences the [trial] court has drawn from the documentary record de novo," and "[w]e also review de novo the court's conclusions of law."); State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."). We affirm substantially for the reasons stated in Judge Wild's comprehensive oral opinion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2258-20